UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| D.R. HORTON, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:18-CV-456-JRG-HBG |
| EDWARDS PLACE DEVELOPMENT, LLC; et al., | ) ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order [Doc. 47] referring the matter to the undersigned.

Now before the Court is a Motion to Set Aside Lien Lis Pendens [Doc. 31], filed by Defendant Peoples Bank of the South ("Bank"). Plaintiff responded in opposition [Doc. 36], and Defendant filed a Reply [Doc. 50]. The Motion is ripe for adjudication. Accordingly, for the reasons set forth below, the Court **RECOMMENDS** that the Bank's Motion [**Doc. 31**] be **DENIED**.

## I. POSITIONS OF THE PARTIES

The Bank asserts that Plaintiff filed a Lien Lis Pendens on June 12, 2019, and it was recorded as Instrument No. 201906120073890 in the Register's Office for Knox County, Tennessee. The Bank states that the real estate described in the Lien Lis Pendens includes property that is not part of the land subject to the lawsuit. Further, the Bank states that the Complaint does not contain allegations that give Plaintiff certain rights in the property described in the Lien Lis

Pendens. In addition, the Bank argues that the Lien Lis Pendens should be set aside and dissolved due to the order of priorities. The Bank explains that it foreclosed the property described in the Lien Lis Pendens under deed of trusts that were recorded prior to the commencement of this lawsuit and prior to the Plaintiff's Memorandum and Contract. The Bank argues that the foreclosure sale itself took place prior to the recoding of the Lien Lis Pendens.

Subsequently, on July 29, 2019, Plaintiff filed a Notice [Doc. 35], stating that it filed an Amended Lien Lis Pendens [Doc. 35-1] in Knox County, Tennessee, regarding the property that is the subject matter of the First Amended Complaint. Plaintiff also responded [Doc. 36] to the Motion, arguing that the Bank's Motion is moot as it is based on the property described in the Complaint, which has been superseded by the First Amended Complaint. Plaintiff states that the property described in the Lien Lis Pendens is the subject matter of at least one cause of action. Further, Plaintiff argues that the Bank's Motion is premature.

Defendant filed a Reply [Doc. 50], arguing that the Notice of Lien Lis Pendens does not contain a certification by the clerk as required by Tennessee law. Defendant asserts that the Notice fails to comply with the statute, and therefore, is unperfected and invalid on its face with respect to bona fide purchasers for value.

## II. ANALYSIS

The Court has considered the above filings, and the undersigned **RECOMMENDS** that the Bank's Motion [**Doc. 31**] be **DENIED**.

The Bank makes three primary arguments as to why the Court should set aside the Lien Lis Pendens: (1) the land described in the Lien Lis Pendens includes property not subject to the lawsuit; (2) Plaintiff's Memorandum of Contract was recorded on September 15, 2017, which was

2

after the Bank's deed of trust, and the Lien Lis Pendens should be dissolved due to the order of priorities; and (3) Plaintiff did not comply with the statute.

With respect to the first reason, Plaintiff subsequently corrected this issue, *see* [Doc. 35], and therefore, the objection is moot. With respect to the remaining reasons, the Court does not find them to be well taken. As the Western District of Tennessee recently explained, "The filing of a notice of lis pendens is merely a procedural step by which a plaintiff provides constructive notice to third parties of his claim against the subject property." *Domus Dev. LLC v. Titan Dev. LLC*, 350 F. Supp. 3d 683, 687 (M.D. Tenn. 2018) (quoting *Oliver v. Upton*, No. 01A01-9705-CH-00197, 1998 WL 151388, at *5 (Tenn. Ct. App. Apr. 3, 1998)). The court further explained as follows:

> Although Defendants urge the Court to strike the instant lien lis pendens for failure to comply with the statute's requirement that the abstract include a brief statement of the "amount of the lien sought to be fixed," the statute itself is "silent about any penalty that could be imposed for failing to comply with its requirements." *Blasingame v. Church Joint Venture, L.P.*, No. 15-1038, 2015 WL 4758933, at *8 (W.D. Tenn. Aug. 12, 2015). Regardless, in the Court's view, the relevant question is not the strength of Plaintiffs' claims to the Property, or whether Plaintiffs' lien lis pendens complies with § 101(a), but, rather, the pendency of this action. Viewed through this lens, Defendants' request for an order declaring the lien lis pendens invalid is clearly premature, and, indeed would not be appropriate until final judgment has been entered, whether as a result of a dispositive motion or otherwise.

*Id*. at 688.

Similarly, the Bank requests that the Court set aside the Lien Lis Pendens, essentially arguing the merits of the case and for failing to follow the procedure outlined in Tennessee Code Annotated § 20-3-101. Based on the above analysis, the Court finds the Bank's request not well taken.

3

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court **RECOMMENDS**[1] that the Motion to Set Aside Lien Lis Pendens [**Doc. 31**] be **DENIED.**

Respectfully submitted,

_____
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153-54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir.1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).